**UNITED STATES of America, Plaintiff,**

v.

**ONE 1981 CADILLAC ELDORADO,
Defendant.**

No. 81 C 3816.

United States District Court,
N. D. Illinois, E. D.

Feb. 2, 1982.

Thomas P. Walsh, Asst. U. S. Atty., Chicago, Ill., for plaintiff.

Charles Locker, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

The United States of America ("the government") brought this forfeiture action pursuant to 21 U.S.C. § 881(a)(4) which provides for the forfeiture to the United States of vehicles used or intended to be used for the transportation or to facilitate the transportation of illegal controlled substances.[1] This matter is presently before the Court on the motion of Doris Collier ("the claimant"), as the purported owner of a 1981 Cadillac

Eldorado seized by the Drug Enforcement Administration ("DEA") in May of 1981, seeking summary judgment pursuant to Fed.R.Civ.P. 56 on the ground that no probable cause exists for the forfeiture of the vehicle within the meaning of section 881(a)(4). For the reasons set forth below, claimant's motion for summary judgment will be granted.

In order to properly effect a forfeiture under section 881(a)(4), the government must initially establish the existence of probable cause to believe that the vehicle involved, in this case a 1981 Cadillac Eldorado, was used or intended for use in transporting or in facilitating the transportation of illegal controlled substances. *United States v. One 1971 Chevrolet Corvette Automobile*, 496 F.2d 210, 212 (5th Cir. 1974); *United States v. One 1976 Buick Skylark*, 453 F.Supp. 639, 641–42 (D.Colo. 1978). Probable cause can be shown if "reasonable grounds exist for the belief of guilt supported ·by less than prima facie proof but more than mere suspicion" under all the circumstances of a particular case. *United States v. One 1978 Chevrolet Impala*, 614 F.2d 983, 984 (5th Cir. 1980); *United States v. One 1949 Pontiac Sedan*, 194 F.2d 756, 758–59 (7th Cir.), *cert. denied*, 343 U.S. 966, 72 S.Ct. 1061, 96 L.Ed. 1363 (1952). Once the government has established the existence of probable cause, the burden shifts to the party claiming an interest in the vehicle to show by a preponderance of the evidence that the vehicle was not used or intended for use in the transportation or to facilitate the transportation of controlled substances. *EA Shipping Company, Inc. v. Bazemore*, 617 F.2d 136, 138 (5th Cir. 1980); *United States v. United States Currency*, 495 F.Supp. 147, 150 (E.D.N.Y.1980). Although the government's burden in a civil forfeiture proceeding is not as great as in a

---

1. 21 U.S.C. § 881(a)(4) provides in relevant part that:

    (a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:

    \*  \*  \*  \*  \*  \*

    (4) All conveyances, including aircraft, vehicles, or vessels, which are used or intended for use, to transport or in any manner facilitate the transportation, sale, receipt, possession or concealment of [controlled substances].

    The exceptions to this section are not invoked by the claimant and are not relevant here.

criminal context, forfeitures are not favored and section 881 should be strictly construed in order to mitigate the harshness in a procedure that deprives an innocent person of his property because it was used by other persons for unlawful purposes. *United States v. One 1976 Mercedes Benz 2805*, 618 F.2d 453, 454 (7th Cir. 1980).

In the context of a motion for summary judgment, the movant must show that there is no dispute as to any genuine issue of fact material to a judgment in its favor as a matter of law. *Cedillo v. International Association of Bridges and Structural Iron Workers, Local Union No. 1*, 603 F.2d 7, 10 (7th Cir. 1979); *Kirk v. Home Indemnity Company*, 431 F.2d 554 (7th Cir. 1970). In support of her motion for summary judgment in the instant case, the claimant contends that the government has not met its threshold burden of showing that probable cause exists for the forfeiture. Viewing the facts in the light most favorable to the government, as we are required to do in the context of a motion for summary judgment, we must agree with the claimant that probable cause for the forfeiture does not exist in this case.

■ The facts in this case are relatively straightforward. For some time prior to May 12, 1981, DEA Agent John Bott and his partner had been investigating the claimant's husband, William Collier, and his daughter, Willa Mae Holman, for alleged involvement in heroin sales. During the course of their surveillance on the evening of May 12, 1981, the agents attempted to stop the 1981 Cadillac Eldorado in which Collier and his daughter were riding. But when Agent Bott pulled his car alongside the Cadillac and displayed his badge indicating that Collier should curb his vehicle, Collier, who apparently recognized Bott from previous encounters, sped away. After a high-speed chase through the south

side of Chicago, Agent Bott and his partner finally succeeded in stopping the Cadillac.

Agent Bott ordered Collier out of the Cadillac and conducted a brief pat-down search for weapons. Collier was then handcuffed and placed in the back seat of Bott's 1979 Chevrolet Malibu, which is permanently assigned to Bott by the DEA. Holman, who was not handcuffed, was directed to sit in the front passenger seat of the Malibu.[2] The DEA Agents, accompanied by Chicago police who had arrived on the scene, then took Collier and Holman to the Chicago police station at 51st Street and Wentworth Avenue.[3] At the station, Collier, Holman and the Cadillac were searched, but no heroin or other illegal drugs were found. The search did reveal that Collier was carrying $1,626 which he claimed he had won gambling. Collier and Holman were then released.

At the end of the evening, Agent Bott drove the Malibu home and parked it in his driveway. The next morning, as he prepared to leave for work, Agent Bott entered the Malibu and reached into the back seat, either to retrieve something or place something there. In doing so, he folded the front passenger seat forward and noticed two aluminum foil packets in the space between the seat and back portion of the front passenger seat, a space that is only visible when the seat-back is folded forward. Chemical analysis of the contents of the aluminum foil packets revealed that they contained a total of 52.9 grams of heroin. According to Agent Bott's affidavit, nobody except his partner, Collier and Holman had been in the Malibu for at least two days prior to the time the Cadillac was stopped and no one other than his partner and himself were in the Malibu between the time that Collier and Holman were in the car and the heroin was discovered.

**2.** According to Agent Bott's affidavit, Holman "became abusive" of the agents when she and Collier were directed to get out of the Cadillac. Holman was directed to sit in the front seat of the Malibu while the agents briefly questioned her father. After the questioning and the pat-

down search, presumably a relatively short period of time, Collier was handcuffed and placed in the back seat of the Malibu.

**3.** Agent Bott drove the Malibu while his partner drove the Cadillac.

On the basis of these facts, the DEA seized the Cadillac and the government brought this forfeiture proceeding. Significantly, no criminal charges were brought against Collier or Holman. Nevertheless, the government reasons that either Holman or Collier pushed the heroin into the crease between the cushion and back of the front seat so that it would not be found on their person when they were later searched at the police station. Since Holman and Collier entered the Malibu immediately after they exited the Cadillac, the government maintains that the Cadillac must have been used to transport controlled substances within the meaning of section 881.

Even taking these facts in the light most favorable to the government in the context of claimant's motion for summary judgment, the Court must conclude that they establish no more than a mere suspicion that, under all the circumstances of this case, the Cadillac was used or intended to be used to transport illegal controlled substances. Such a showing is not sufficient to meet the government's threshold burden of probable cause in a forfeiture action. *United States v. One 1978 Chevrolet Impala, supra,* 614 F.2d at 984; *United States v. One 1949 Pontiac Sedan, supra,* 194 F.2d at 758–59.

Although Agent Bott states in his affidavit filed in opposition to the motion for summary judgment that, to his knowledge, no one except he and his partner had been in the Malibu for two days prior to the evening that they arrested Collier and Holman, and that no one was in the car between that time and the time that Bott discovered the heroin, the government cannot account for the many times during the week prior to the arrest and immediately thereafter that the Malibu was left unattended in the General Services Administration garage, at police headquarters at 11th and State Streets, at the Wentworth District police station on the evening in question, and in the driveway in front of Bott's house. Moreover, at his deposition, Agent Bott testified that he had not cleaned out the Malibu for about a week before Collier and Holman were arrested and placed in the car. The government has not established the requisite chain-of-custody to negate the real possibility that someone other than Collier or Holman put the packets of heroin in the Malibu either before or after they were arrested with or without the knowledge of Agent Bott or his partner. There is apparently no additional evidence that the government could present at trial in this issue.

In the course of its own research in connection with the pending motion, the Court has been unable to uncover a case in which the discovery of the controlled substance was so attenuated from the initial arrest of the suspects and search of the vehicle that is the subject of the forfeiture proceedings. The connection that the government has been able to show in the case at bar, while not wholly unreasonable, is not sufficient to pass the threshold of probable cause that the vehicle in question was involved in the transport of narcotics as a matter of law. For this Court to permit forfeiture of claimant's vehicle under these tenuous fact circumstances would sanction a precedent—subject to potential abuse—for the disposition of other forfeiture cases.

Accordingly, claimant's motion for summary judgment is granted. It is so ordered.