**UNITED STATES of America, Plaintiff,**

v.

**ONE 1980 FORD MUSTANG VIN 0F03D121959, Defendant.**

**Civ. No. H86–92.**

United States District Court,
N.D. Indiana,
Hammond Division.

Nov. 21, 1986.

James G. Richmond, U.S. Atty., N.D. Ind., Hammond Div., for plaintiff.

Max Cohen, Cohen & Thiros, Merrillville, Ind., for defendant.

### ORDER

MOODY, District Judge.

This matter comes before the court on a Motion for Summary Judgment filed by the plaintiff United States of America (government) on September 25, 1986 pursuant to

Fed.R.Civ.P. 56. Claimant Rose Rodriguez filed a response in opposition to the motion on September 30, 1986.

## I.

The government filed a Complaint for Forfeiture against one 1980 Ford Mustang, VIN 0F03D121959 on January 15, 1986. On January 22, 1986 claimant Rose Rodriguez filed an answer to the complaint in which she requested that the automobile be restored to her. Pursuant to Supplemental Rule C(4) of the Federal Rules of Civil Procedure, notice of the action was given by publication in the Gary Post-Tribune on April 15, April 22 and April 29, 1986. The newspaper notice instructed claimants to file their claim within ten days of the last publication date and to file an answer within twenty days after the filing of the claim. It also identified Supplemental Rule C(4) as the authority for publication of notice.

The complaint alleges that the Mustang was lawfully seized by agents of the Drug Enforcement Administration (DEA) on or about July 23, 1985. The claimant in response to this motion alleges that she timely filed a claim to the automobile with the DEA on September 27, 1985. A copy of the verified claim is attached to her response.

The government now seeks summary judgment because claimant Rodriguez did not follow the procedural requirements of Supplemental Rule C(6), Fed.R.Civ.P. It contends that the claimant's failure to file a claim with the court within ten days of publication notice deprives her of standing to defend this action. The claimant contends that her claim filed with the DEA before the institution of this action substantially complied with Rule C(6).

## II.

Summary judgment is appropriate only where the court is satisfied that the moving party has met its burden of establishing that there exists no genuine issue with respect to any material fact and that it is entitled to judgment as a matter of law. *Thornton v. Evans*, 692 F.2d 1064, 1074 (7th Cir.1982); Fed.R.Civ.P. 56. The court must view the evidence submitted by the movant in the light most favorable to the non-moving party. *Egger v. Phillips*, 710 F.2d 292, 296 (7th Cir.), *cert. denied*, 464 U.S. 918, 104 S.Ct. 284, 78 L.Ed.2d 262 (1983). The court must examine the entire record, not just the motion papers, before granting summary judgment. *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir.1980).

## A.

Supplemental Rule C(6), Fed.R. Civ.P., states that "[t]he claimant of property that is the subject of an action in rem shall file his claim within 10 days after process has been executed." The claim must also be verified. *Id.* Because of the substantial danger of false claims in forfeiture proceedings, the verified notice of claim is an essential element of a forfeiture defense. *United States v. United States Currency in the Amount of $2,857.00*, 754 F.2d 208, 213 (7th Cir.1985).

Claimant Rodriguez contends that her claim filed with the DEA satisfies the requirements of Rule C(6). That contention has been specifically rejected in the Seventh Circuit. *United States Currency in the Amount of $2,857.00*, 754 F.2d at 213 (claim filed with DEA); *see also United States v. One 1979 Oldsmobile-Cutlass Supreme*, 589 F.Supp. 477, 478 (N.D.Ga.1984) (claim filed with Customs Service). Although the notice of claim in this case was verified, it was not filed after the execution of process as required by Rule C(6). In addition, the claim was filed with the DEA and not the court. An important function of the claim is to notify the court of the claimant's sworn standing to defend the action. Until this motion was filed, the court had received no sworn statement of interest in the seized property. A sufficient interest in the property therefore was not established until well after the ten-day deadline. The DEA claim does not substantially comply with the requirements of Rule C(6).

The claimant cannot allege that she was not notified that the Supplemental Rules were applicable to this proceeding. The complaint specifically identified 21 U.S.C. § 881 as the basis for the forfeiture action. That statute states that the property to be forfeited may be seized "upon process issued pursuant to the Supplemental Rules for Certain Admiralty and Maritime Claims." In addition, the published notice also referred to the Supplemental Rules. Before the May 13, 1986 deadline, over four months passed after the claimant's answer was filed without an attempt to comply with the claim-submission requirements of Rule C(6).[1] The claimant had ample notice and opportunity to comply.

Failure to file a claim under Rule C(6) deprives the claimant of standing to defend against the forfeiture. *United States v. Fourteen (14) Handguns,* 524 F.Supp. 395, 397 (S.D. Texas 1981). Under the instant circumstances the court normally would not be inclined to allow additional time for filing a claim with the court. The claimant has not alleged any government conduct which misled her with respect to the judicial claims procedure. *See e.g., United States v. One 1979 Oldsmobile-Cutlass Supreme,* 589 F.Supp. at 478 (letter from Customs Service directing return of claim form led claimant to believe that Rule C(6) had been satisfied). Nor has she alleged any other equitable reason for allowing her to cure the failure to file a claim.

Even though the ten-day limit has long passed, a claim may be filed "within such additional time as may be allowed by the court." Supp.R. C(6), Fed.R.Civ.P. As discussed below, the government has also failed to follow the proper procedure for pursuing a forfeiture action. Because of the government's failure to follow the procedural rules and in the interest of balancing the equitable considerations accorded to each party, the court exercises its discretion, under Rule C(6), to allow claimant Rodriguez to file a new claim and answer in accordance with the Supplemental Rules and the discussion below.

### B.

In this type of action, the summary judgment procedures under Fed.R.Civ.P. 56 must be construed in light of the statutory law of forfeitures and particularly the procedural requirements set forth therein. *United States v. One 56-foot Yacht Named Tahuna,* 702 F.2d 1276, 1281 (9th Cir.1983). Although the claimant has not followed the proper procedure for filing a claim with the court, the record reveals defects in the government's pleadings which preclude granting summary judgment in its favor.

In a forfeiture action pursuant to 21 U.S.C. § 881, the government carries the initial burden of proving probable cause to believe that a substantial connection exists between the property to be forfeited and an illegal exchange of a controlled substance.[2]

---

1. Under Fed.R.Civ.P. 6(a), weekends are excluded from the computation of deadlines less than 11 days. Ten days from the last publication date of April 29, 1986 therefore would extend the deadline to May 13, 1986.

2. On the face of Supplemental Rule C(3) the government is not required to make a showing of probable cause in order to have a warrant in rem issued for seizure of the property. Rather, the rule provides that "the clerk, upon filing of the complaint, shall forthwith issue a summons and warrant for the arrest of the vessel or other property without requiring a certification of exigent circumstances." However, the validity of that provision is in doubt. Several courts have held that the lack of a preseizure probable cause determination by a judicial officer violates the

fourth amendment, *United States v. Life Insurance Company of Virginia Single Premium Whole Life Policy,* 647 F.Supp. 732 (W.D.N.C. 1986); *Application of Kingsley,* 614 F.Supp. 219, 223 (D.Mass.1985), *aff'd,* 802 F.2d 571 (1st Cir. 1986) or the fifth amendment due process clause, *United States v. Certain Real Estate Property Located at 4880 S.E. Dixie Highway,* 612 F.Supp. 1492, 1497 (S.D.Fla.1985); *United States v. Articles of Hazardous Substance,* 444 F.Supp. 1260, 1269 (M.D.N.C.1978). *But see United States v. A Single Family Residence and Real Property Located at 900 Rio Vista Blvd., Ft. Lauderdale,* 803 F.2d 625 (11th Cir.1986). Because the issue has not been raised by the parties, the court does not address the constitutionality of Supplemental Rule C(3).

*United States v. A Single Family Residence and Real Property Located at 900 Rio Vista Blvd., Ft. Lauderdale,* 803 F.2d 625 (11th Cir.1986). *See* Joint Explanatory Statement of Titles II and III, *reprinted in 1978 U.S. Code Congressional and Administrative News,* p. 9522. Probable cause is defined as "reasonable ground for belief of guilt, supported by less than prima facie proof but more than mere suspicion." *United States v. $364,960.00 in United States Currency,* 661 F.2d 319, 323 (5th Cir.1981). Once the government has shown probable cause, the burden shifts to the claimant to prove by a preponderance of the evidence that the property was not involved in a narcotics violation, that the property has an independent innocent source or that probable cause did not exist. *United States v. $41,305.00 in Currency and Travelers Checks,* 802 F.2d 1339 (11th Cir.1986); *United States v. $5,644,540.00 in United States Currency,* 799 F.2d 1357, 1362 (9th Cir.1986). On summary judgment an unrebutted showing of probable cause will suffice to support a forfeiture. *Id.*

 In this case the government has submitted nothing to show probable cause. The complaint merely states that the defendant automobile was used or intended to be used to transport controlled substances and states alternatively that the car represents proceeds from the commission of violations of 21 U.S.C. § 881(a)(6). No facts are stated to indicate how these conclusions are reached. In addition, the instant motion contains no factual allegations which would establish probable cause. The government therefore has not shown grounds to believe that a substantial connection exists between the property and an illegal exchange of a controlled substance. Because the government has not met its initial burden, it is not entitled to summary judgment.

The same result is warranted under the Supplemental Rules. Under Supplemental Rule E(2) the government bears the burden of stating in the complaint "the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts." In a forfeiture action under 21 U.S.C. § 881, the failure to allege specific facts sufficient to support an inference that the property is subject to forfeiture is grounds for dismissal. *United States v. $39,000 in Canadian Currency,* 801 F.2d 1210, 1222 (10th Cir.1986).[3] Because the complaint states no facts which give rise to the forfeiture action, it fails to comply with Rule E(2) and is subject to dismissal.

In most cases grounds for dismissal are raised by the parties. However, a court may dismiss a complaint *sua sponte* if it notifies the plaintiff of its intent to dismiss and gives the plaintiff an opportuniy to amend the complaint or to respond in writing to the reasons for the intended dismissal. *Morrison v. Tomano,* 755 F.2d 515, 516 (6th Cir.1985); *Franklin v. State of Oregon, State Welfare Division,* 662 F.2d 1337, 1341 (9th Cir.1981). Accordingly, the government in this case is hereby notified of the court's intent to dismiss the complaint for failure to comply with Supplemental Rule E(2)(a). The government may respond with a memorandum in opposition to the reasons for the intended dismissal or may file an amended complaint.

## CONCLUSION

Because the government has made no showing of probable cause, its Motion for Summary Judgment is DENIED. The court intends to dismiss the complaint for

---

**3.** In addition to the absence of factual allegations, the present complaint is not verified as required by Supplemental Rule C(2). Although decisions applying a now rescinded version of the Admiralty Rules held that in rem actions by the United States did not require verification, *see e.g., United States v. 935 Cases More or Less,* *Each Containing 6 No. 10 Cans Tomato Puree,* 136 F.2d 523 (6th Cir.1943), no such authority can be found under the current rules. All future complaints for forfeiture should be verified and should contain the other information required by Supplemental Rule C(2).

failure to comply with Rule E(2)(a), Supplemental Rules for Certain Admiralty and Maritime Claims. Before the dismissal will be effected, the government will be given fifteen days to respond with a memorandum in opposition or an amended complaint. If an amended complaint is filed, the claimant must respond by filing a claim and answer in accordance with Supplemental Rule C(6).