Rufus HORNE, Plaintiff,

v.

OFFICE OF UNITED STATES
ATTORNEY GENERAL,
Defendant.

No. 86–CV–0588–DT.

United States District Court,
E.D. Michigan, S.D.

June 23, 1987.

Alphonso C. Fuller, Detroit, Mich., for plaintiff.

Carolyn Bell Harbin, Asst. U.S. Atty., Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

WOODS, District Judge.

This matter is before the Court on defendant's Motion to Dismiss or for Summary Judgment.

Plaintiff's automobile and $1,970.00 were seized by the government because of suspected drug dealing in which the vehicle and money were allegedly used. Plaintiff filed a petition for remission of the automobile and the cash. Following the government's failure to act on the petition, plaintiff filed an action in this Court requesting an order compelling the government to show cause why the petition had not yet been acted upon and/or to order the return of the automobile and the cash.

Defendant responded by initiating administrative forfeiture proceedings on the automobile. Defendant stated that a forfeiture action had not been instituted with regard to the cash since plaintiff had no legal claim to the cash. It was government "buy" money. This Court agreed and dis-

missed the portion of the case involving the cash. The only matter left involves plaintiff's automobile. On February 2, 1987, plaintiff's petition for remission of the automobile was denied. Defendant then filed a motion to dismiss or for summary judgment claiming there were no outstanding issues and that the complaint should be dismissed as moot. Defendant attached to its motion the declaration of forfeiture letter which was sent to plaintiff which advised plaintiff of his right to file for reconsideration. There is no record that either plaintiff or his estate filed for reconsideration.

Besides insisting that all issues are moot, defendant argues that plaintiff has failed to perfect his right to proceed with a judicial action because of plaintiff's failure to file a claim and cost bond. Section 1608 of 19 U.S.C. requires that:

> Any person claiming such ... vehicle ... may at any time within twenty days from the date of the first publication of the notice of seizure file with the appropriate customs officer a claim stating his interest therein. Upon the filing of such claim, and the giving of a bond to the United States ... such customs officer shall transmit such claim and bond ... to the United States attorney ... who shall proceed to a condemnation of the merchandise or other property in the manner prescribed by law.

Once the claim and cost bond is filed, administrative forfeiture proceedings are halted and the attorney general must institute forfeiture proceedings in district court. 21 C.F.R. § 1316.76(b) (1987); 19 C.F.R. § 162.47(c) (1986); see also 28 C.F.R. § 8.8(b) (1986). If no claim and cost bond is filed, then the agency declares the property forfeited. 19 U.S.C. § 1609; 28 C.F.R. § 8.8(c).

 Administrative forfeiture is a process available to the government only if the value of the seized property is less than $100,000.00 and no claim and cost bond is filed. 19 C.F.R. § 162.47(a); 28 C.F.R. § 8.8. This process saves the government from having to institute judicial proceedings for forfeiture of property with a value

of less than $100,000.00. Since plaintiff did not file a proper claim and cost bond to halt the administrative forfeiture proceedings, he has not perfected his right to a judicial proceeding. 19 U.S.C. § 1608; 19 C.F.R. § 162.47(c). Even if we assume plaintiff's petition for remission is a proper claim, he did not file a cost bond. Plaintiff's only recourse was to file a petition for reconsideration of his petition for remission of the automobile. 28 C.F.R. § 9.5(e). The reconsideration must be filed within 20 days of the date of the notice of denial of the petition for remission. 28 C.F.R. § 9.5(1). As far as the record shows, plaintiff's administrative avenues for relief are closed, as are his chances of forcing the government to institute judicial forfeiture proceedings.

 Plaintiff argues that summary judgment is inappropriate based on two theories. The first deals with the harshness of forfeiture when an innocent person's property is seized after being used by other persons for unlawful purposes. Plaintiff cites *United States v. One 1981 Cadillac Eldorado*, 535 F.Supp. 65 (D.C.Ill.1982). That case involved the dismissal of the forfeiture action because of the lack of probable cause linking the drugs to the Cadillac. The Court held that the government had failed to establish the existence of probable cause to believe that the vehicle involved was used or intended for use in transporting or facilitating the transportation of illegal controlled substances. "[P]robable cause can be shown if reasonable grounds exist for belief of guilt supported by less than prima facie proof but more than mere suspicion under all the circumstances of a particular case." *Id.* at 66. Plaintiff in the case at bar argues that he is an innocent person who should not have to give up his property because of the illegal actions of others. Plaintiff, however, was indicted with a criminal violation. His trial ended in a mistrial and plaintiff died before a new trial was commenced. There was more than mere suspicion that plaintiff was transporting illegal substances and this is shown by the grand jury indictment. Plaintiff cannot be regarded

as an innocent victim of a harsh rule of law.

Plaintiff's second theory is that of abatement. Plaintiff claims that since he died during the proceedings of forfeiture, all proceedings should be dismissed and the vehicle returned to his estate. This position is based on the argument that the forfeiture is penal in nature, and his estate and family should not have to bear the punishment where he can no longer bear it himself. Plaintiff cites cases which deal with defendants who died while criminal proceedings were continuing or after conviction and upon direct appeal of the conviction. It is well settled that penal sanctions of imposition of prison terms, levy of fines, and addition of special parole terms are extinguished by the defendant's death, during pendency of timely appeal, requiring the sanctions to be vacated ab initio. *E.g., Durham v. United States*, 401 U.S. 481, 91 S.Ct. 858, 28 L.Ed.2d 200 (1971); *United States v. Dudley*, 739 F.2d 175 (4th Cir.1984); *United States v. Pauline*, 625 F.2d 684 (5th Cir.1980). Plaintiff relies on *United States v. Pomeroy*, 152 F.279 (S.D. N.Y.1907), which dealt with a defendant who died after a fine was imposed on him but before the fine was paid. The Court held that since the fine was penal in nature, defendant's family should not be penalized by enforcing the fine against defendant's estate.

*United States v. Oberlin*, 718 F.2d 894 (9th Cir.1983), is similar to the case at bar yet is distinguishable. Defendant was convicted of drug trafficking and of operating a continuing criminal enterprise. Defendant died while the appeal of the criminal conviction was pending. The Court stated "the forfeiture was a step in the criminal process: it was pleaded in the indictment, and was tried in a proceeding which included all the constitutional safeguards granted to criminal defendants. Oberlin's criminal conviction, including the forfeiture, was intended as a penalty and so abated." *Id.* at 896. The Court rejected the government's argument that abatement does not apply to criminal forfeiture proceedings.

The case at bar is distinguishable from *Oberlin.* Plaintiff was charged with criminal violations but the forfeiture proceeding was not included in the indictment. Instead, the forfeiture was separate from the criminal trial and was instituted at the administrative level. The forfeiture proceedings were not penal in nature. Since the automobile itself was used in violation of a federal law, it was seized. "The thing is here primarily considered as the offender, or rather the offense is primarily attached to the thing." *The Palmyra,* 25 U.S. (12 Wheat.) 1, 9, 6 L.Ed. 531 (1827). "The underlying rationale for this principle is a legal fiction dating back several thousand years based on the apocryphal notion that 'it' is the inanimate object, not its possessor or owner, which offends against the law." *United States v. One Tintoretto Painting, Etc.,* 691 F.2d 603, 606 (2d Cir.1982). Forfeiture "is a separate and distinct proceeding from the criminal proceeding against the offending person [and] is 'no part of the punishment for the criminal offense.'" *Id.* (quoting *Various Items of Personal Property,* 282 U.S. 577, 581, 51 S.Ct. 282, 283, 75 L.Ed. 558 (1931)).

Given the above, abatement, while a widely accepted doctrine, should not be applied in the case at bar. The seizure of the automobile was not connected with the criminal acts of plaintiff. Plaintiff had both judicial and administrative remedies available to him. His failure to file a claim and cost bond ended his chance for judicial remedy. His failure to file a petition for reconsideration foreclosed his chance for administrative remedy. The relief he requested from this Court has been granted by way of orders forcing the government to proceed with the forfeiture proceedings by acting on plaintiff's petition for remission. All issues in plaintiff's complaint are moot. Therefore, defendant's motion to dismiss or for summary judgment is GRANTED.

So ordered.