718 F.Supp. 1441 (1989)
UNITED STATES of America, Plaintiff,
v.
THIRTEEN THOUSAND DOLLARS, Defendant.
No. 89-1003C(1).
United States District Court, E.D. Missouri, E.D.
August 31, 1989.
*1442 Raymond Meyer, Asst. U.S. Atty., for plaintiff.
Robert Samuels, Fischer & Dolan, St. Louis, Mo., for defendant.

ORDER AND MEMORANDUM
NANGLE, Chief Judge.
IT IS HEREBY ORDERED that claimant Earl Banks' motion to dismiss be and is denied.
IT IS FURTHER ORDERED that claimant Earl Banks' motion to withdraw demand for jury trial be and is granted.
The United States instituted this forfeiture action under 21 U.S.C. § 881 against $13,000.00, of which Earl Banks claims ownership, alleging that the currency is traceable to an exchange of controlled substances. The matter is now before the Court on claimant's motion to dismiss, which is based on the pleading requirements of Admiralty & Maritime Claims Rule E(2)(a). Rule E is a supplemental rule for certain admiralty claims, but is also made applicable to forfeiture by 21 U.S.C. § 881(b). Where it applies, Rule E(2)(a) requires that a complaint
state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading.
The Court finds that the complaint meets the standard enunciated in Rule E(2)(a); claimant's motion to dismiss must, therefore, be denied.
As claimant points out, a bare and conclusory allegation that the defendant currency was used or intended to be used in an illegal drug transaction would warrant dismissal under Rule E(2)(a). Such was the case in United States v. $39,000 in Canadian Currency, 801 F.2d 1210 (10th Cir.1986). Claimant's reliance on that case is misplaced, however, because the government here goes beyond such a bare allegation and provides the factual background of the seizure of the currency, sufficient to satisfy Rule E(2)(a).
Paragraph 5 of the complaint explains that the $13,000 was seized pursuant to a warrant specifically naming the currency as a thing to be seized. Furthermore, the complaint alleges that "drug records" and a pistol with ammunition were seized at the same time. Claimant, who is alleged to have provided contradictory accounts of the currency's source and purpose, was arrested for prior narcotics offenses. This recital of facts indicates that claimant was present at the execution of the warrant and engaged in discussion about the seizure with the seizing agents. The Court finds that the specificity of the complaint is sufficient to allow claimant to commence an investigation and frame a responsive pleading.
Claimant's discussion of the existence of probable cause for forfeiture is likewise unavailing. The facts alleged in the complaint need not demonstrate probable cause for forfeiture: such a showing is the government's initial burden at trial. See, e.g., United States v. Banco Cafetero Panama, 797 F.2d 1154, 1162 (2nd Cir. 1986); United States v. $22,287 United States Currency, 709 F.2d 442, 446-47 (6th Cir.1983). A probable cause analysis might, therefore, be appropriate upon a motion for summary judgment, as for example, in the case claimant cites on this point, United States v. One 1980 Ford Mustang VIN 0F03D121959, 648 F.Supp. 1305 (N.D.Ind.1986). Such an analysis is misplaced in claimant's motion to dismiss, which is governed by the standard enunciated in Rule E(2)(a). Claimant's motion to dismiss must be denied.
*1443 Claimant has also filed a motion to withdraw his earlier demand for a jury trial. Fed.R.Civ.P. 38(d) requires the consent of all parties to the withdrawal of a jury demand. Upon claimant's representation that the government has no objection to the motion, it will be granted.