**UNITED STATES of America, Plaintiff,**

v.

**$191,910 IN U.S. CURRENCY, Defendant,**

**Bruce R. Morgan, Claimant.**

**No. C 90 1276 TEH.**

United States District Court, N.D. California.

Feb. 7, 1992.

Stephen L. Schirle, Michael D. Howard, William T. McGivern, Jr., Robert D. Ward, U.S. Attys. Office, San Francisco, Cal., for plaintiff.

David M. Michael, Mill Valley, Cal., for defendant.

## ORDER

THELTON E. HENDERSON, Chief Judge.

By this action, the government seeks forfeiture of $191,910 in United States currency. The government claims that the money is traceable to a criminal transaction for either the purchase or sale of a controlled substance, in violation of 21 U.S.C. § 881(a)(6). By previous order dated August 5, 1991, this Court denied the government's motion to dismiss for lack of standing, and granted in part claimant's motion to suppress 772 F.Supp. 473. Claimant now moves for summary judgment, for substitution of the named defendant, for a protective order, and for deposit of the seized currency into an interest bearing account. The government moves for reconsideration of our August 5, 1991 Order and to re-open discovery.

The motions came on for hearing on January 27, 1992 at 10:00 a.m. After considering the parties' written and oral arguments, and for the reasons stated below, we DENY the government's motion for reconsideration, DENY claimant's motion for substitution of named defendant, GRANT claimant's motion for summary judgment, and DENY AS MOOT claimant's motion for deposit of seized currency and for protective order and the government's motion to re-open discovery.

FACTUAL BACKGROUND:

On March 14, 1990, X-ray security personnel at San Diego Airport detected what appeared to be a large amount of currency in claimant's (Morgan's) carry-on luggage. Claimant was preparing to board a flight to Oakland. The X-ray security personnel reported this to the San Diego Harbor Police and identified Morgan to a San Diego Harbor police officer, who approached Morgan in the boarding area. Upon questioning, Morgan stated that he was a gemologist on a business trip to buy jade and that he needed large amounts of cash. Morgan was allowed to proceed to his flight. The officer later stated that at no time were there any facts that established probable cause to arrest Morgan, to further detain him or to seize his luggage.

The police officer contacted an agent of the San Diego Narcotics Task Force who in turn called agent Buckwalter of the San Francisco International Drug Enforcement Agency, and informed him that Morgan was enroute to Oakland.

After deplaning in Oakland, Morgan walked toward the rental car area in the Oakland Airport, where he was approached by Agent Buckwalter and another agent, who identified themselves and asked Morgan to answer a few questions. Morgan told the agents his name and provided them with identification and his plane ticket. He told them that he was a gem dealer traveling on business, that he had no narcotics on him and that he did have money that he was traveling with for business. He told

them that he had $15,000 in cash and allowed the agents to look inside his bags. When asked about the contents of manila envelopes contained in his portfolio case, he told the agents that they contained brochures. Agent Buckwalter stated that Morgan then opened his soft-sided briefcase and revealed a manila envelope which Morgan stated contained $15,000 in cash. The envelope was sealed and addressed to an attorney in California.

Based on Morgan's responses, Buckwalter seized Morgan's bags, and after a delay of at least two hours subjected the bags to a "dog sniff" for narcotics. Although the dog sniff was positive, a search later that evening revealed no drugs. However, the bags contained $191,910 in cash.

On May 1, 1990, the government instituted the instant forfeiture proceeding for the $191,910, pursuant to 21 U.S.C. § 881(a)(6), on the grounds that the monies represented proceeds of narcotics sales or purchases.

On August 5, 1991, we issued an order denying the government's motion to dismiss for lack of standing, and granting in part claimant's motion to suppress. We held that although Agent Buckwalter had reasonable suspicion to detain Morgan, but that the excessive duration of the detention of Morgan's bags before the dog sniff and the fact that the agents failed to comply with the Supreme Court's guidelines concerning the return of seized luggage rendered the seizure invalid under the Fourth Amendment. We therefore ordered all tangible and intangible evidence obtained from Morgan's luggage after it was detained by Agent Buckwalter at the Oakland Airport on March 14, 1990 suppressed as evidence in this action.

DISCUSSION:

## I. MOTION TO RECONSIDER MOTION TO DISMISS

█ The government's motion to reconsider basically asks this Court to simply reverse its previous denial of the government's motion to dismiss. Although the government obviously believes that this Court was wrong, it presents in its present motion exactly the same argument that this Court rejected in August, 1991. The government cites no rule of civil procedure as a basis for such a motion for reconsideration, and clearly does not meet the requirements of Fed.R.Civ.P. 60, which provides for reconsideration in the event of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, etc. This motion is DENIED.

## II. MOTION TO SUBSTITUTE NAMED DEFENDANT

█ Claimant moves to substitute the named defendant in the forfeiture proceeding. He argues that because we ordered all tangible and intangible evidence seized from claimant's luggage suppressed, the contents of the luggage cannot be used at all and the government cannot refer to the currency in any way, not even in the title of the case. The motion is untimely; it was filed after the motion cut off date and without permission of the Court. It is therefore DENIED.

## III. MOTION FOR SUMMARY JUDGMENT

The government claims that the *res* in this case is subject to forfeiture under 21 U.S.C. § 881(a) (drug related forfeiture).

21 U.S.C. § 881(a)(6) (under which the instant forfeiture proceeding was instituted) provides that monies shall be subject to forfeiture if the government is able to show (1) that the money was furnished or intended to be furnished in exchange for a controlled substance, (2) that the money represents proceeds traceable to an exchange for a controlled substance, or (3) that the money was used or intended to be used to facilitate controlled substance exchange. By virtue of 21 U.S.C. § 881(d), the burden of proof in these forfeiture actions is governed by 19 U.S.C. § 1615, which provides in relevant part that

[i]n all suits or actions brought for the forfeiture of any ... merchandise, or baggage seized, where the property is claimed by any person, the burden of proof shall lie upon such claimant; ... *Provided*, that probable cause shall first be shown for the institution of such suit

or action, to be judged of by the court....

Thus, in forfeiture proceedings instituted under 21 U.S.C. § 881, the burden of proof is initially placed on the government to demonstrate probable cause to believe that the claimant's property was involved in an illegal drug-related transaction. 21 U.S.C. § 881(d); *United States v. Dickerson*, 849 F.2d 443, 445 (9th Cir.1988). If the government succeeds in showing probable cause to institute forfeiture proceedings, "the burden shifts to the claimant to prove by a preponderance of the evidence that the item was not furnished or intended to be furnished in exchange for a controlled substance." *United States v. $93,685.61 in U.S. Currency*, 730 F.2d 571, 572 (9th Cir. 1984) (per curiam); *Dickerson, supra* at 444.

■ In the present case, claimant argues that the government cannot demonstrate that it had probable cause to institute the instant forfeiture proceeding, and moves for summary judgment on that issue. The standard of probable cause to support a forfeiture is essentially the same as that required to obtain a search warrant. *U.S. v. One 56–Foot Yacht Named Tahuna*, 702 F.2d 1276, 1281 (9th Cir.1983). Thus, in order to establish probable cause, the government must demonstrate facts showing reasonable grounds to believe that the seized property was used or intended for use in a narcotics transaction. *Id.* at 1282. This belief may be based on less than a *prima facia* case, but must be based on more than mere suspicion. *Id.; U.S. v. Dickerson*, 849 F.2d at 445. In order for the burden to shift to the claimant, the government must show probable cause to believe that a substantial connection exists between the seized property and narcotics activity. *U.S. v. $5,644,540 in U.S. Currency*, 799 F.2d at 1362–63; *United States v. $4,255,000*, 762 F.2d 895, 902–3 (11th Cir.1985), cert. denied, 474 U.S. 1056, 106 S.Ct. 795, 88 L.Ed.2d 772 (1986).

■ Whether the government has shown probable cause is a question of law for the trial court. A finding of probable cause by the district court is reviewed *de novo.*

*U.S. v. One 1985 Cadillac Seville*, 866 F.2d 1142, 1146 (9th Cir.1989).

Summary judgment is appropriate when there is no genuine dispute as to material facts and the moving party is entitled to judgement as a matter of law. *Jung v. FMC Corp.*, 755 F.2d 708, 710 (9th Cir. 1985); Fed.R.Civ.P. 56. Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1976). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* The court may not weigh the evidence, and is required to view the evidence in the light most favorable to the nonmoving party. *Id.*

■ A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Where the moving party will have the burden of proof on an issue at trial, she must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. However, on an issue for which her opponent will have the burden of proof at trial, the moving party can prevail merely by "pointing out to the District Court ... that there is an absence of evidence to support the nonmoving party's case." *Id.*

■ If the moving party meets its initial burden, the opposing party must then "set forth specific facts showing that there is some genuine issue for trial" in order to defeat the motion. *Anderson, supra* 477 U.S. at 250, 106 S.Ct. at 2511; Fed.R.Civ.P. 56(e). A grant of summary judgment is reviewed *de novo* by the appellate court; a denial of summary judgment is reviewed for an abuse of discretion. *United States v. $5,644,540 in U.S. Currency*, 799 F.2d 1357, 1361 (9th Cir.1986).

■ In a forfeiture case, the claimant may properly test the existence of probable cause on a motion for summary judgment, so long as there is no genuine dispute as to any material fact. *United States v. One 1981 Cadillac Eldorado,* 535 F.Supp. 65 (N.D.Ill.1982) (granting claimant's motion for summary judgment on a finding of no probable cause). Although Rule 56 applies to forfeiture proceedings, its provisions "must necessarily be construed in the light of the statutory law of forfeitures, and particularly the procedural requirements set forth therein." *Tahuna,* 702 F.2d at 1281.

In the present case, the government has presented facts which it believes establish probable cause. Claimant does not contest the government's factual contentions, but vigorously disagrees with the government's conclusion that these facts establish probable cause. Thus, there is no dispute as to any material fact, and summary judgment is appropriate on the issue of probable cause. *See U.S. v. $134,752 in U.S. Currency, More or Less,* 706 F.Supp. 1075, 1082 (SDNY, 1989).

■ Construing the facts in the light most favorable to the government, it is clear that it is unable to demonstrate that it had probable cause to institute the instant forfeiture proceeding. At the time that the government instituted this case, there were no facts whatsoever connecting the seized currency with *any* illegal activity, let alone with narcotics activity. Although the large amount of money carried, and Morgan's lies about the contents of his bags, do support a suspicion that he was at some point involved in *some* illegal activity, that is all that they support—a mere suspicion. No facts demonstrate any nexus between the seized currency and drugs.[1]

This case is analogous to *United States v. $38,600 in U.S. Currency,* 784 F.2d 694 (5th Cir.1986). In that case, border patrol agents stopped a car, smelled marijuana,

and received inconsistent and evasive answers from the occupants. They searched the car and discovered a pipe containing marijuana residue, rolling papers, a small metal box and $38,600 in cash hidden underneath the seat. The 5th Circuit observed that although "this evidence may very well give rise to a reasonable belief that there exists a connection between the money seized and *some* illegal activity, ... here ... the evidence gives rise only to a suspicion of a connection between the money seized and its use in transaction [sic] for a controlled substance." *Id.* at 699. In the present case, no drugs or drug paraphernalia whatsoever were found, and no evidence presented establishes a connection between the money and a drug transaction.

Similarly, in *United States v. $134,752 U.S. Currency, More or Less, supra,* the court granted claimant's motion for summary judgment even though the government's uncontroverted facts established that claimant had been observed with a large sum of money in a vehicle, that vials containing cocaine residue were also in the vehicle, that approximately $134,000 in $100 bills was found on claimant's person, that weapons were found in the car, that claimant and the other occupants of the car had prior criminal records, and that claimant made numerous inconsistent statements about the origin of the money. The court stated that "the evidence presented ... may well support a reasonable belief that [claimant] had in the past, and perhaps at the time of the seizure, participated in illegal activity of some type." *Id.* at 1083. It concluded that "the legally relevant question is not whether [claimant] may have participated in illegal activity, but whether there is *evidence linking the arrest to an exchange involving a controlled substance;* ... [and] there is no evidence that the money was intended to be furnished to purchase a quantity of drugs ... in the future; that it was the proceeds

---

1. As noted above, all tangible and intangible evidence seized or obtained from claimant's luggage after it was detained by Agent Buckwalter at Oakland Airport is suppressed as evidence in this action. August 2, 1991 Order at 21. The dog sniff, occurring as it did after an unconsti-

tutionally long seizure of claimant's property, was therefore suppressed pursuant to our August 2, 1991 Order. Accordingly, plaintiffs cannot, and in fact do not attempt to, introduce any evidence of the dog sniff to establish probable cause in this case.

of a previous sale; or that it in any way facilitated a violation of the drug laws." *Id.* (emphasis in original). *See also United States v. $93,685.61, supra* (presence of a large amount of money *in combination with* other persuasive circumstantial evidence, "particularly the presence of the drug paraphernalia" was sufficient to establish probable cause).

In the present case, unlike the preceding cases, *all that the government has is money.* Where the money came from and for what use it was intended is a matter of pure speculation, and the evidence in this case simply does not provide probable cause to believe that any connection, let alone a substantial one, exists between the money and drugs.[2]

The government argues that the amount of money seized and "after-acquired" evidence linking claimant to a marijuana distribution chain establish probable cause to believe that the seized currency is "tainted drug money." United State's Memorandum of Law in Opposition to Claimant's Motion for Summary Judgment at 5. These arguments are basically attempts to establish probable cause by taking issue with the requirements of the forfeiture rules themselves.

Initially, the government asserts that the *res*, the seized currency, is admissible as evidence to establish probable cause and to support forfeiture. This is simply not true. An object illegally seized cannot in any way be used as evidence in a forfeiture case. *One 1958 Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, 85 S.Ct. 1246, 1251, 14 L.Ed.2d 170 (1965); *United States v. One 1977 Mercedes Benz 450 SEL*, 708 F.2d 444, 450 (9th Cir.1983).

The government confuses jurisdiction *over* the currency with the admissibility of the currency. The cases cited by the government in support of its position merely stand for the proposition that "the mere

fact of the illegal seizure, standing alone, does not immunize the goods from forfeiture." *One 1977 Mercedes Benz, supra* at 450–1. The fact that the illegally seized object remains forfeitable, and that the court retains jurisdiction over it, does not mean that the object is admissible as evidence in the forfeiture proceeding. The cases are clear on this point, and all but $15,000 of the $191,910 seized is inadmissible as evidence of illegal conduct. Therefore, any inference that can be drawn from the possession of a large amount of cash must be drawn from the possession of $15,000, not $191,910. Obviously, that inference is substantially smaller.

Next, the government proposes to introduce a declaration by Agent Buckwalter detailing his investigation of a criminal drug organization known as "The Company" and allegedly linking claimant with The Company. The information in this declaration was not possessed by the government at the seizure or at the initiation of the forfeiture proceeding in May, 1991, but was in fact obtained only this past October. This attempt fails for two reasons.

Initially, as claimant correctly notes, probable cause must be shown to have existed at the time the forfeiture proceeding was instituted. The statute itself states that "probable cause shall be first shown *for the institution of such suit or action....*" 19 U.S.C. § 1615. The government must have had probable cause at the time it brought the forfeiture proceeding. *U.S. v. One 1985 Cadillac Seville*, 866 F.2d 1142, 1146 (9th Cir.1989); *Dickerson, supra* at 445–6 (9th Cir.). Therefore, the proposed Buckwalter evidence, gathered as it was over 17 months after the government instituted this suit, cannot act as the basis for probable cause for *instituting* this suit.

The government cites one case from the Second Circuit, *United States v. Property*

---

**2.** We would note, however, that even if the dog sniff was not suppressed, the result in this case would be the same. As *United States v. $38,600 in U.S. Currency,* 784 F.2d 694 (5th Cir.1986) and *United States v. $134,752 U.S. Currency, More or Less,* 706 F.Supp. 1075 (SDNY, 1989), demonstrate, the mere presence of drugs is not enough to provide probable cause. There must be some evidence to indicate that the funds seized are the result of, or were intended to facilitate, a drug transaction. The evidence in this case falls far short of such a showing.

*at 4492 S. Livonia Rd., Livonia,* 889 F.2d 1258 (1989), which expressly held that after-acquired evidence *is* admissible to prove probable cause. However, that case is anomalous even within the Second Circuit (where post-*Livonia* cases have expressly stated that probable cause must be shown to have existed at the time the proceedings were instituted), and is in conflict with the majority of cases which hold that the government must prove that it had probable cause *to institute* the forfeiture proceeding. *See United States v. Banco Cafetero Panama,* 608 F.Supp. 1394, 1405 (D.C.N.Y.1985), *aff'd* 797 F.2d 1154, 1160 (2nd Cir.1986) ("Ultimately, the government must show that it had probable cause at the time of the commencement of the action."); *U.S. v. One 1985 Cadillac Seville, supra* (the government must have had probable cause at the time of the seizure); *United States v. Dickerson, supra* at 445–6.

The other cases cited by the government (*e.g., United States v. Thirteen Thousand Dollars,* 718 F.Supp. 1441, 1442 (E.D.Mo. 1989) and *United States v. Banco Cafetero Panama,* 797 F.2d 1154, 1162 (2nd Cir. 1986)) simply hold that the government is not required to prove that it had probable cause *until trial* (ie, no post-seizure evidentiary hearing is required to determine probable cause early on). At trial, however (or on summary judgment, if all parties agree upon the material facts), the government is required to prove that it had probable cause *at the time that it brought the forfeiture proceeding.* The Buckwalter evidence cannot be used to establish this element.

 The second reason that this evidence must be rejected is that even if the declaration *were* timely, the statements contained in the declaration simply do not establish probable cause. The declaration is basically a narrative discussing the existence of The Company and making conclusory allegations that, in the past, Morgan was involved with drug transactions with The Company. No specific facts are given to establish probable cause to believe that the money seized in the present case was derived from or intended for use in a drug transaction with The Company, and conclusory statements about Morgan's criminal acquaintances are insufficient to oppose this summary judgment motion. *Falls Riverway Realty, Inc. v. Niagara Falls,* 754 F.2d 49 (2nd Cir.1985).

 Furthermore, none of Agent Buckwalter's assertions in the declaration concerning Morgan are based upon personal knowledge, but are instead hearsay statements in which the declarant is usually unidentified. Although hearsay is admissible to prove probable cause in civil forfeiture proceedings, *United States v. $5,644,-540 in U.S. Currency,* 799 F.2d 1357, 1362 (9th Cir.1986), such hearsay statements must provide a factual basis to explain the circumstances from which the declarant drew his conclusions. *Tahuna, supra* at 1284. Agent Buckwalter's declaration provides no factual basis to support any of the hearsay statements offered, and often does not even identify who is making the assertions. As noted above, mere conclusory statements, even hearsay ones, are not sufficient to oppose a motion for summary judgment.

 Finally, the government argues that, contrary to claimant's assertion, it is not required to prove a substantial connection between the seized money and drugs. It cites *United States v. $5,644,540,* 799 F.2d 1357, 1362–63 (9th Cir.1986) as rejecting the "substantial connection" test.

Although the government is correct in this contention, the argument is irrelevant because the government misunderstands the case's holding. *U.S. v. $5,644,540* held that the government, at trial, is not required to *prove* a substantial connection between the money seized and drugs in order to prevail on the forfeiture. It *is* required, however, to prove that *at the time it brought the forfeiture proceeding* it had *probable cause to believe* that there was a substantial connection between the money and drugs. This semantic distinction is recognized throughout the circuits and merely provides that the government has a tougher showing on the probable cause issue than it has on the actual proof

issue at trial. *See United States v. $364,-960 in U.S. Currency*, 661 F.2d 319, 323 (5th Cir.1981) and *United States v. $4,255,-000*, 762 F.2d 895, 902–3 (11th Cir.1985), *cert. denied* sub nom, *$4,255,625.39 v. United States*, 474 U.S. 1056, 106 S.Ct. 795, 88 L.Ed.2d 772 (1986). In the present case, the burden is on the government to demonstrate that it had probable cause when it brought this suit to believe that a substantial connection existed between the currency and drugs. It has failed to do so, and claimant's motion for summary judgment is therefore GRANTED.

## IV. REMAINING MOTIONS

Because we grant claimant's summary judgment motion, the remaining motions before the court (claimant's Motion for Deposit of Seized Currency and Motion for Protective Order, and the government's Motion to Re–Open Discovery) are moot. These motions are therefore DENIED AS MOOT.

Therefore, and good cause appearing, IT IS HEREBY ORDERED that:

1. The government's Motion for Reconsideration is DENIED.

2. Claimant's Motion for Substitution of Named Defendant is DENIED.

3. Claimant's Motion for Summary Judgment is GRANTED.

4. Claimant's Motion for Deposit of Seized Currency, Claimant's Motion for Protective Order and the Government's Motion to Re–Open Discovery are DENIED AS MOOT.

IT IS SO ORDERED.