**UNITED STATES of America,**
**Plaintiff,**

**v.**

**ONE 1971 VOLVO 2-DOOR SEDAN, M/N 1424353280815, CALIFORNIA LICENSE NO. 861 DQF, its tools and appurtenances, Defendant.**

**Kenneth BLOOM, Counterclaimant,**

**v.**

**UNITED STATES of America,**
**Counterdefendant.**

**No. CV 74-2141-AAH.**

United States District Court,
C. D. California.

May 12, 1975.

William D. Keller, U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief, Civil Div., Huston T. Carlyle, Jr., Asst. U. S. Atty., Los Angeles, Cal., for plaintiff and counterdefendant.

Joel M. Kantor, of Osborne, Kantor & Altagen, Beverly Hills, Cal., for defendant and counterclaimant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAUK, District Judge.

This matter having come on for Court trial on April 28, 1975, and the Court having reviewed the exhibits and documents on file herein, having considered the oral testimony and exhibits presented at the time of trial, having considered the oral and written arguments submitted by counsel, and having reached its decision, makes the following Findings of Fact and Conclusions of Law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure:

## FINDINGS OF FACT

1. This is a civil action brought by the plaintiff United States of America for forfeiture of the defendant, one 1971 Volvo 2-door sedan, Vehicle Identification No. 1424353280815, California License No. 861 DQF, and its tools and appurtenances, pursuant to 21 U.S.C. § 881.

2. On July 25, 1974, a Complaint for Forfeiture was filed by the plaintiff. A Claim and an Answer and Counterclaim were filed by the claimant, Kenneth Bloom, on August 22 and September 17, 1974, respectively.

3. An Answer to the Counterclaim was filed herein on October 8, 1974.

4. On or about January 1, 1974, to on or about March 30, 1974, agents of the Drug Enforcement Administration (hereinafter referred to. as "D.E.A.") were involved in on-going investigation concerning the claimant herein and others relating to trafficking and use of controlled substances.

5. On January 3, 1974, Agents Joseph Day and Robert Mueller, D.E.A., met with claimant, Kenneth Bloom, regarding the possible purchase of cocaine and mescaline. At the conclusion of that meeting, both agents accompanied claimant to a blue Volvo sedan, California License No. 861 DQF, which claimant entered and drove off in. Agent Mueller radioed the license number to his base station and was informed that Kenneth Bloom was the registered owner of the car bearing California License No. 861 DQF.

6. On January 6, 1974, at about 12:00 noon, Special Agent Joseph Day, D.E.A., was informed that claimant, Kenneth Bloom, wanted to sell him 3,000 dosage units of mescaline. At about 8:00 P.M. the same day, Special Agent Day was informed that Kenneth Bloom was driving immediately to Special Agent Day's location, 13909 Old Harbor Way, Apartment No. 206, Marina Del Rey, California, with a quantity of mescaline. At that time Special Agent Robert Mueller, who was with Special Agent Day at 13909 Old Harbor Way, left the residence to take a surveillance position.

7. At about 9:00 P.M., the same day, Special Agent Day observed a blue Volvo sedan containing two individuals approach the apartment building. About three minutes later, Kenneth Bloom and another individual, Allen Wingate, entered Apartment 206, where Bloom took five plastic packages out of a small purse stating that they contained approximately 5,000 dosage units of mescaline. Bloom delivered 3,000 dosage units, in three plastic bags, to Special Agent Day. Wingate kept the remaining 2,000 dosage units, in two plastic bags, in his possession, putting them in his boot.

8. At about 9:00 P.M., the same day, Special Agent Mueller, from his surveillance position outside the apart-

ment building, observed two individuals arrive at the apartment in a blue, 1971 Volvo sedan, California License No. 861 DQF. At about 10:15 P.M. Special Agent Mueller observed the Volvo sedan departing the area.

9. On or about March 30, 1974, the claimant herein was arrested by Special Agent Day of the D.E.A.

10. The substance sold by claimant, Kenneth Bloom, to Special Agent Day, and which was represented to be mescaline during the negotiation and sale, was .39 percent lysergic acid diethylamide and 7.9 percent phencyclidine, as testified to by a D.E.A. chemist, Lionel A. Tucker, and stipulated by both parties. Accordingly, the Complaint filed herein was amended at the trial to conform to this proof. The substance and its containers, plaintiff's Exhibits 1A through 1L, inclusive, were held continuously in D.E.A. custody from January 6, 1974, to the trial of this action.

11. On May 20, 1974, Special Agent Day was in Malibu Beach, California, and observed a blue, 1971 Volvo sedan, California License No. 861 DQF. Special Agent Day confirmed, by radio, that this vehicle was registered to claimant, Kenneth Bloom. Special Agent Day notified Bloom that his vehicle was being seized for violation of Federal Narcotics Laws, and Bloom's vehicle was then seized.

12. At all times mentioned herein, Special Agent Day, and other agents who were involved in the above-stated occurrences, were acting as agents, servants and employees of D.E.A., a branch of the United States Government, and were acting under color of federal authority.

13. Kenneth Bloom is the registered and legal owner of the defendant vehicle.

14. On or about August 5, 1974, the claimant filed a Petition for Remission of the defendant vehicle.

15. On or about September 15, 1974, claimant's Petition for Remission was denied.

16. The plaintiff has established probable cause that the defendant vehicle was used and intended for use, on or about January 6, 1974, to transport or facilitate the transportation, sale, receipt, possession, or concealment of lysergic acid diethylamide and phencyclidine, which are controlled substances.

17. The claimant introduced no evidence on his behalf at trial.

18. To the extent these Findings of Fact also contain Conclusions of Law, they shall be deemed incorporated within the Conclusions of Law.

## CONCLUSIONS OF LAW

1. This is a civil forfeiture action brought by the United States of America in its sovereign capacity, and this Court has jurisdiction of this action pursuant to 21 U.S.C. § 881, and 28 U.S.C. § 1345.

2. The plaintiff has established, by the preponderance and clear weight of the evidence, probable cause that the defendant vehicle was used on or about January 6, 1974, to transport, or facilitate the transportation, sale, or concealment of controlled substances, while claimant has introduced no evidence as to the nonforfeitability of the defendant vehicle. Therefore, the defendant vehicle, and its tools and appurtenances, are forfeitable to the United States pursuant to 21 U.S.C. § 881.

3. Hearsay testimony is admissible to show probable cause. Ted's Motors v. United States, 217 F.2d 777 (8th Cir. 1954).

4. The defense of laches does not apply to the United States. United States v. Summerlin, 310 U.S. 414, 416, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940). Moreover, even were such a defense

available, the approximately two-months delay from the date of the seizure until the institution of judicial proceedings to forfeit do not warrant its application, nor do they amount to denial of due process. United States v. One 1972 Wood, 19 Foot Custom Boat, 501 F.2d 1327 (5th Cir. 1974).

■ 5. The allegations contained in claimant's Counterclaim are, in effect, a claim for affirmative relief against the United States which this Court is without jurisdiction to entertain. The allegations of the Counterclaim amount to a suit against the United States to which the United States has not consented, and therefore this Court is without jurisdiction to grant the relief prayed for. Larson v. Foreign and Domestic Corporation, 337 U.S. 682, 69 S.Ct. 1457, 93 L. Ed. 1628 (1949).

■ 6. If claimant's Counterclaim is an attempt to state a cause of action under the Federal Tort Claims Act, it is improper and this Court lacks jurisdiction in that claimant has failed to comply with the provisions of 28 U.S.C. § 2675, and further said Counterclaim is excluded from this Court's jurisdiction under the provisions of the Federal Tort Claims Act pursuant to the provisions of 28 U.S.C. §§ 2680(a), 2680(c) and/or 2680(h).

■ 7. Under the applicable statutes, Petitions for Remission are a matter of grace, not right, and authority to determine whether defendant vehicle should be returned to claimant, once violation of 21 U.S.C. § 881 has been shown, has been delegated exclusively to the Attorney General.

■ 8. Special Agent Day, D.E.A., had authority to seize the defendant vehicle on May 20, 1974, under authority of 21 C.F.R. 1316.72.

9. To the extent these Conclusions of Law also contain Findings of Fact, they shall be deemed incorporated within the Findings of Fact.