**UNITED STATES of America**

**v.**

**ONE 1981 FORD F–100 PICKUP TRUCK, (VIN IFTCF10EXBNA89420).**

**Civ. A. No. 82–777–Z.**

United States District Court, D. Massachusetts.

Oct. 18, 1983.

Charles K. Mone, Asst. U.S. Atty., D. Mass., Boston, Mass., for plaintiff.

Michael E. Hager, Dane, Howe & Brown, Boston, Mass., for defendant Ford.

Nicholas Macronis, Steven H. Bowen, Lowell, Mass., for defendant Diaz.

## MEMORANDUM OF DECISION

ZOBEL, District Judge.

The United States instituted this proceeding *in rem* for the forfeiture of a 1981 Ford F–100 pickup truck based on charges that the vehicle was used to facilitate the sale of heroin within the meaning of 21 U.S.C. sec. 881(a)(4). The government now seeks summary judgment in its favor.

The affidavits submitted in this case set forth the following facts. Jesus M. Diaz, Jr. is the owner of the truck which is the subject of the forfeiture action. On July 28, DEA Special Agent Albert G. Reilly observed Diaz drive his pickup truck to his apartment located at 20 Katherine Lane, Holliston, Massachusetts. Diaz met Karen Ozella outside of the apartment. They entered the apartment together and left a few minutes later. Reilly and two members of the Holliston Police Department then executed a state search warrant and found 25 packets of white powder in glassine bags in Ozella's handbag. After being given the *Miranda* warnings, Ozella told the officers that the heroin in her possession had been given to her by Diaz while they were in his apartment, on consignment for distribution in the Bellingham, Massachusetts area.

Diaz contests the government's motion on two grounds. First, he argues that Ozella's hearsay statement is inadmissible to establish probable cause for forfeiture. Second, he contends that even if the statement is credited, the use of the defendant vehicle alleged by the government does not constitute facilitation of a drug sale under 21 U.S.C. sec. 881(a)(4).

In *United States v. One 1972 Chevrolet Corvette*, 625 F.2d 1026 (1st Cir.1980), the United States Court of Appeals for the First Circuit held that a vehicle does not "facilitate" a drug transaction so as to subject it to forfeiture under 21 U.S.C. sec. 881(a)(4) unless an "antecedent relationship [exists] between the vehicle and the sale of

narcotics." *Id.* at 1029. Forfeiture is inappropriate when the vehicle's only involvement is subsequent to the transaction. *Id.; United States v. One 1974 Cadillac Eldorado*, 575 F.2d 344 (2d Cir.1978). In this case, therefore, Ozella's hearsay statement to the law enforcement officers that Diaz gave her the heroin while they were in his apartment is critical to establish an antecedent relationship between the defendant vehicle and the heroin; if Ozella brought the heroin with her to the apartment no such relationship would exist.

Hearsay is admissible to establish probable cause for forfeiture "if there is substantial basis for crediting the hearsay." *United States v. One 1974 Porsche 911–S*, 682 F.2d 283, 286 (1st Cir.1982). The government has presented sufficient corroboration of Ozella's statement to meet this standard. The affidavits submitted by the government establish that a confidential informant, proven to be reliable in the past, told law enforcement officers that Diaz had rented the apartment on Katherine Lane in Holliston even though he lived with his wife and family in Ashland. He used the apartment to store heroin which he transported in his 1981 Ford pickup truck to different meeting places where he sold it. On July 21, 1981, Agent Reilly observed Diaz drive his truck to the Holliston apartment, enter the apartment, and a few minutes later drive away. The next day the informant confirmed that Diaz had made a heroin pick up on July 21.

As a result of this information, Diaz was placed under surveillance. On July 22, Diaz drove into a parking lot in his Ford pickup truck. A woman, later identified as a known heroin user, got into the truck. They had a short conversation during which Diaz kept looking nervously in all directions. Diaz then handed the woman a clear plastic bag and she handed him some paper money. The next day the informant confirmed that Diaz had sold the woman approximately $300 worth of heroin.[1] This

1. The government does not rely on this evidence as independent grounds for forfeiture. Rather, this information was offered only to establish

substantial basis for crediting Ozella's hearsay statement. The government relies entirely on

evidence, establishing that Diaz used his Holliston apartment as a heroin distribution point, provides sufficient basis for crediting Ozella's hearsay statement that Diaz gave her the heroin that was found on her in his apartment prior to her arrest.

In light of Ozella's statement, the government has established that the defendant vehicle was used to transport Diaz to the scene of a drug transaction. This is sufficient to carry the government's burden of showing probable cause for forfeiture of the vehicle. In *United States v. One 1974 Cadillac Eldorado Sedan*, 548 F.2d 421 (2d Cir.1977), the Second Circuit held that use of a vehicle to transport co-conspirators to a meeting where the sale of drugs was discussed constituted facilitation of the sale under 21 U.S.C. sec. 881(a)(4), even though the meeting ended inconclusively, and no sale was consummated until three days later. After carefully considering the legislative history and prior case law construing the statute, the Court stated:

> If the purpose of the statute is, as Congress indicated, to reduce the profits of those who practice this nefarious profession, we are loathe to make the forfeiture depend upon the accident of whether dope is physically present in the vehicle. Its use to transport the peddler or his confederates to the scene of the sale or to a meeting where the sale is proposed is sufficient.

*Id.* at 426.

The First Circuit has adopted this analysis of 21 U.S.C. sec. 881(a)(4). *See United States v. One 1972 Chevrolet Corvette*, 625 F.2d 1026 (1st Cir.1980). In *Chevrolet Corvette*, the court held that forfeiture was unjustified because there was no antecedent relationship between the vehicle and the drug transaction. Rather, the vehicle was used only to transport a co-conspirator to a meeting spot where he was to be paid for a transaction which had occurred three days previously. The court suggested, however, in keeping with the decision of the Second Circuit, that where an antecedent relationship does exist a case for forfeiture is established.[2] *Id.* at 1027.

The government has shown that an antecedent relationship did exist in this case. The defendant vehicle was used to transport Diaz to a prearranged meeting place where a drug transaction took place. Accordingly, the government's motion for summary judgment is granted.

---

the events of July 28, 1981, which are undisputed, as the basis for its forfeiture action.

**2.** Claimant argues that 21 U.S.C. sec. 881(a)(4) should be narrowly construed in keeping with Judge Bownes' decision in *United States v. One 1972 Datsun*, 378 F.Supp. 1200 (D.N.H.1974). After carefully considering *Datsun*, the Second Circuit concluded that the decision is "perforce suspect." *Cadillac Eldorado Sedan*, 548 F.2d at 425. Moreover, the decision of the First Circuit in *Chevrolet Corvette*, which cited *Cadillac Eldorado Sedan* with approval, was written by Judge Bownes. The opinion failed to mention the *Datsun* case. It appears, therefore, that *Datsun* has been overruled *sub silentio*.