**UNITED STATES of America, Plaintiff,**

v.

**ONE 1980 CADILLAC ELDORADO, Defendant.**

No. CV–82–1712.

United States District Court, E.D. New York.

Feb. 8, 1985.

Raymond J. Dearie, U.S. Atty., E.D.N.Y., for plaintiff; Anne E. Stanley, Asst. U.S. Atty., Brooklyn, N.Y., of counsel.

Lawrence R. Wild, Brooklyn, N.Y., for claimant.

## ORDER

McLAUGHLIN, District Judge.

The annexed Report and Recommendation of Hon. John L. Caden, United States Magistrate, is hereby adopted as the opinion of this Court. No objections were filed within the time permitted. Fed.R.Civ.P. 72(a).

The Clerk of the Court is hereby ORDERED to enter judgment for plaintiff in accordance with the Magistrate's Report and Recommendation.

SO ORDERED.

## REPORT AND RECOMMENDATION

February 7, 1985

JOHN L. CADEN, United States Magistrate.

This forfeiture proceeding arises out of the government's seizure of claimant Marie Gregoris' 1980 Cadillac Eldorado automobile after her husband was arrested for his involvement in an illegal sale of heroin. The government alleges that the Cadillac Eldorado was used to facilitate the drug sale and should therefore be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(4) and 49 U.S.C. § 782. The plaintiff now moves under Rule 56 of the F.R. Civ.P. for summary judgment.

### FACTS

On May 27, 1981, Drug Enforcement Administration ("DEA") agents observed Nicholas Gregoris leave his home in the 1980 Cadillac Eldorado sought to be seized in this action and drive past the home of Thomas LaRocca. The agents observed Gregoris wave at LaRocca and then contin-

ue driving to the expressway heading towards New York City. During this period, LaRocca discussed a sale of heroin with a DEA informant and stated that the heroin supplier had gone to the city for the pickup and would deliver the heroin at 9:00 p.m. At approximately 8:40 p.m. that evening, Gregoris arrived at LaRocca's residence, stayed a few minutes inside the residence and then left in the defendant vehicle. The DEA informant then met LaRocca at LaRocca's residence and proceeded to buy heroin from him.

Nicholas Gregoris was then placed under arrest and charged with conspiracy to distribute heroin (21 U.S.C. § 841) and in a superseding indictment was charged with intent to distribute heroin. On November 1, 1981, DEA agents seized the defendant motor vehicle pursuant to 21 U.S.C. § 881.

On May 8, 1982, while awaiting trial on the narcotics charge, Nicholas Gregoris, along with his stepson Ralph Specia, were killed in a shootout, in a wholly unrelated incident.

The claimant, Marie Gregoris, bought the defendant motor vehicle on December 6, 1979, as co-owners with her son Ralph Specia and her brother Joseph Licari. The car was purchased for a sum of $16,528.60 with a cash downpayment of $8,267.60 supplied by both claimant and her son. The balance was financed and Ralph Specia made all monthly installment payments. The car was registered in Marie Gregoris's name, however, according to the claimant, the vehicle was bought for her son and he was the principal user. The claimant also alleges that her husband, Nicholas Gregoris, used the car occasionally but she did not authorize such use. Nicholas Gregoris did not have a set of keys to the car and he had another car which he regularly drove, a 1976 Seville Sedan which was also registered in her name but for which her husband had made the downpayment and

monthly payments.[1] (Deposition of Marie Gregoris dated August 10, 1983).

## DISCUSSION

### I. THE GOVERNMENT HAD PROBABLE CAUSE TO SEIZE AND RETAIN THE DEFENDANT VEHICLE

■ To justify seizure and forfeiture, the government must show that probable cause existed to believe that the vehicle was used to transport or facilitate the transportation or sale of controlled substances, 21 U.S.C. § 881(a), and that the probable cause continued to exist at the time the action was commenced. *United States v. One 1975 Lincoln Continental,* 72 F.R.D. 535, 540 (S.D.N.Y.1976). Probable cause for the forfeiture of an automobile exists if there are facts sufficient to show that the government had "reasonable grounds for belief of guilt supported by less than prima facie proof but more than mere suspicion." *United States v. 1975 Ford Pickup Truck,* 558 F.2d 755, 756 (5th Cir.1977), *quoted in United States v. One 1980 BMW 3201,* 559 F.Supp. 382 (E.D.N.Y. 1983).

■ Facilitation has been broadly construed to mean any use or intended use of a vehicle which makes trafficking in contraband "less difficult and laborious," it is not necessary that contraband be actually found within the vehicle. *United States v. One 1974 Cadillac Eldorado Sedan,* 548 F.2d 421, 426 (2d Cir.1977); *accord, United States v. Fleming,* 677 F.2d 602, 610 (7th Cir.1982). For example, in this Circuit it is well established that a vehicle is subject to forfeiture if it was used to transport the peddler or his confederates to the scene of the sale or to a meeting where a sale is discussed. *United States v. One 1974 Cadillac Eldorado Sedan, supra* at 426.

■ Applying this standard to the facts and circumstances of this case, it is clear

---

1. The undersigned acknowledges receipt and has considered in this case the Affidavit In Opposition To Motion For Summary Judgment by the claimant, dated January 25, 1985. Claimant's statements vary from her deposition testi- mony to the extent that she now alleges that her son never allowed her husband or herself to use the defendant vehicle and it was used exclusively by her late son. (Affidavit by Marie Gregoris at 2, January 25, 1985).

that the government had probable cause to believe that the Cadillac Eldorado was used to facilitate the sale of narcotics. Thomas LaRocca sold heroin to a DEA informant. Prior to the sale, the DEA agents were aware that the ultimate source of the heroin would be going to the city to obtain the heroin and drop it off at LaRocca's residence. Given the movements of Nicholas Gregoris, prior to the drug transaction, the agents could have reasonably believed that Gregoris was transporting and delivering the heroin to LaRocca where the sale was consummated. Therefore, it is clear that the government had probable cause to seize the Cadillac Eldorado and hence, probable cause to commence this action.

■ Once probable cause for forfeiture of the car exists, the claimant has the burden of demonstrating a defense sufficient to absolve the seized property from culpability. *United States v. One 1972 Toyota Mark II*, 505 F.2d 1162, 1165 (8th Cir.1974); *United States v. U.S. Currency*, 495 F.Supp. 147 (E.D.N.Y.1980). In her answer to the Complaint, the claimant, Marie Gregoris, who is the registered owner of the car asserts as an affirmative defense that she did not authorize or intend her husband to use the car. Therefore, she seeks to come within the express statutory exception to forfeiture where the property had been taken from the owner without her privity or consent. 21 U.S.C. § 881(a)(4)(A). However, in order for an owner to sustain a defense to a forfeiture action based on unauthorized use of the vehicle, the claimant must establish that the user was in possession of the vehicle unlawfully and that the user acquired possession of the vehicle by a criminal action. *United States v. One 1978 Chrysler LeBaron*, 531 F.Supp. 32 (E.D.N.Y.1981). In this case, Marie Gregoris has acknowledged that her husband had driven the car on several occasions to go to the shore. (Deposition of Marie Gregoris at 8). Moreover, there is no claim that the automobile was stolen. Therefore, in the context of the relationship between the parties, and the prior unrestricted use of the vehicle by Nicholas Gregoris it cannot be said that the possession and acquisition of the vehicle was unlawful.

## II. CLAIMANT'S INNOCENCE OF CRIMINAL WRONGDOING DOES NOT DEFEAT THE FORFEITURE

■ The issue of claimant's lack of involvement in and awareness of the criminal activity poses a more difficult question. It is well established that an owner who is innocent of any wrongdoing may still be compelled to forfeit his vehicle which was used in an illegal transaction. *See, Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974); *United States v. One 1974 Cadillac Eldorado Sedan, supra.* However, the Supreme Court, in dicta, has opined that forfeiture could violate the due process rights of an owner where the innocent owner showed "not only that he was uninvolved in and unaware of the wrongful activity, [but also that he] had done all that reasonably could be expected to prevent the proscribed use of his property ..." *Calero-Toledo v. Pearson Yacht Leasing Co., supra* at 689, 94 S.Ct. at 2094.

Courts which have applied this standard have found no defense for an innocent owner where the owner had notice of the user's involvement in drug trafficking, but took no steps to avoid having her vehicle used for an unlawful purpose. *United States v. One 1980 BMW 320I, supra; United States v. One 1976 Buick Skylark*, 453 F.Supp. 639, 643 (D.Colo.1978). *See also, United States v. One 1973 Buick Riviera Auto.*, 560 F.2d 897 (8th Cir.1977) (innocence no defense where owner-father knew of user-son's prior narcotics arrest and allowed son to operate car with little restriction); *United States v. One 1971 Chevrolet Corvette*, 393 F.Supp. 344 (E.D.Pa.1975) (innocence no defense where wife knowing husband's prior criminal activity purchased the car, put title to car in both names and gave husband a set of keys).

The availability of the defense to forfeiture is a close one in this case since the claimant purchased the car in her own

name for her son's use and it is possible that she did not have reason to believe that her husband would use the car in connection with a criminal enterprise. In fact, Marie Gregoris denies that during her 18 years of marriage to Nicholas Gregoris she had any knowledge of her husband's drug activity; she alleges that she never knew he was arrested before this incident, and never saw him use drugs. She also stated that her husband did not have a set of keys to the car.

■ However, a careful review of the record leads to the conclusion that Marie Gregoris's alleged innocence should not be a bar to forfeiture since she fails to fall within one of the narrow exceptions enunciated in *Calero*. The car was bought for and primarily used by her son Ralph Specia and all incidents of ownership of the car—repairs, monthly installment payments, insurance, etc., were in fact her son's. She used the car, if at all, with her son's permission, but did not need it daily because she did all her work at home. (Deposition of Marie Gregoris at 15–17). From this it is clear her ownership of the car is in title only, and there is nothing in the record to show she attempted to exercise any control over it.

Finally, even if her assertion of ownership were to be credited, she cannot be said to have done all that could reasonably be expected to prevent the illegal use of the automobile. Given the facts in this case, that claimant lived with her husband for 18 years of marriage and her husband had been arrested at least twice before, one time on narcotics charges, it is not unreasonable to infer that claimant had notice of her husband's involvement in drug trafficking. Under the circumstances, she had a duty to try to prevent any illegal use of the car. Her failure to fulfill this duty prevents her from asserting her innocence as a defense to forfeiture.

Accordingly, the government's motion for summary judgment should be granted.

Any objections to the recommendation of this report should be filed with the Honorable Joseph M. McLaughlin within 20 days of your receipt of this report.