**UNITED STATES of America, Plaintiff,**

v.

**ONE 1982 BUICK REGAL VIN # 1G4AM47A2CR149469, Defendant.**

**No. 85 C 10710.**

United States District Court, N.D. Illinois, E.D.

Sept. 2, 1987.

---

William F. Murphy, Elizabeth Landes, Asst. U.S. Attys., Chicago, Ill., for plaintiff.

William Klink, Chicago, Ill., for claimant Maria Medina.

### MEMORANDUM OPINION AND ORDER

ZAGEL, District Judge.

This is an *in rem* action brought under 21 U.S.C. Sec. 881(a)(4)[1] to effect the forfeiture of a 1982 Buick Regal ("Buick") which was allegedly used by its owner, Rodolfo-Herrera Medina ("Medina"), in order to facilitate a transaction in illegal controlled substances. Subsequent to the initiation of this suit, Medina's wife, Maria (co-owner of the Buick), filed a claim and verified answer to the government's complaint. Before the Court are cross-motions for summary judgment. For the reasons set forth below, the plaintiff's motion for summary judgment is granted, and the claimant's cross-motion for summary judgment is denied.

### I. FACTS

In support of its motion for summary judgment, the government has submitted the affidavits of three special agents of the Federal Bureau of Investigation ("FBI") and the printed transcripts of two intercepted telephone conversations involving Medina. These documents establish the following facts. On June 29, 1985, at approximately 2:00 in the afternoon, Medina arrived at Rudy's Standard ("Rudy's") gas station, where he was employed and which was under surveillance by the FBI. About forty-five minutes later, Medina received a phone call from Humberto Castrellon ("Castrellon"). According to FBI Special

---

1. Section 881(a)(4) provides:

(a) The following shall be subject to forfeiture to the United States and no property right shall exit in them:

(4) All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession or concealment of [contraband.]

Agent John E. Hernandez, who is fluent in Spanish and who has listened to and corrected hundreds of intercepted telephone calls to and from Rudy's, Medina and Castrellon "discussed a transaction in controlled substances involving an unnamed third party." Hernandez Affidavit, par. 6. Medina then asked Castrellon to come to Rudy's, and Castrellon assented. *Id.*

At 3:35 that afternoon, Medina left Rudy's in the Buick and returned twenty minutes later, again in the Buick. Castrellon arrived at Rudy's shortly after 4:00. Krol Affidavit, pars. 5, 6, 7. While at Rudy's, Medina handed Castrellon "a small white package which [Castrellon] placed in his shirt pocket." *Id.* at par. 8.

Apparently no further suspicious conduct was observed until early in the evening of July 19, 1985, when the FBI once again observed Medina arrive at Rudy's in the Buick. McCullough Affidavit, par. 4. At approximately 7:00 p.m., Medina received a telephone call from Oneyda Zambrana ("Oz"). Hernandez Affidavit, par. 7. During this phone conversation, "Oz ordered controlled substances which had to be ready for delivery in one hour[ ]." *Id.* at par. 8. A little more than one hour after this conversation, a female, driving a red Ford, arrived at Rudy's and handed Medina a "transparent packet containing a white substance." McCullough Affidavit, par. 7. Five minutes later, Medina drove away in the Buick.

As a result of its investigation, the government indicted Medina, Castrellon and Oz. *See United States v. Rodolfo-Herrera Medina*, 85 CR 476 (N.D.Ill.). Although Castrellon and Oz were both found guilty, Medina has not been tried because he fled, and apparently he is still in fugitive status.

## II. DISCUSSION

■ In order to effect a forfeiture, the government must show that probable cause existed to believe that the vehicle was used to transport or facilitate the transportation or sale of an illegal controlled substance. *United States v. One 1980 Cadillac Eldorado*, 603 F.Supp. 853, 855 (E.D.N.Y.1985);

*United States v. One 1981 Cadillac Eldorado*, 535 F.Supp. 65, 66 (N.D.Ill.1982). "Probable cause for the forfeiture of an automobile exists if there are facts sufficient to show that the government had 'reasonable grounds for belief of guilt supported by less than prima facie proof but more than mere suspicion.'" *One 1980 Cadillac Eldorado*, 603 F.Supp. at 855; *see One Blue 1977 AMC Jeep CJ–5 v. United States*, 783 F.2d 759, 761 (8th Cir.1986).

■ Under 21 U.S.C. sec. 881(a)(4), property is subject to forfeiture if it is used "in any manner" to facilitate the sale, receipt, possession, or transportation of an illegal controlled substance. *AMC Jeep CJ–5*, 783 F.2d at 761. The government's burden, although not as heavy as in the criminal context, should be construed strictly in order to mitigate the harshness of depriving an innocent person of her property because it was used by other persons for unlawful purposes. *One 1981 Cadillac Eldorado*, 535 F.Supp. at 66–67; *see United States v. One 1976 Mercedes Benz 280S*, 618 F.2d 453, 454 (7th Cir.1980).

In this case, the facts contained in the affidavits submitted by the government in conjunction with the tape transcripts are sufficient to show probable cause. The evidence before the Court establishes that reasonable grounds existed for believing that the Buick was used in a manner which facilitated the transportation, sale, receipt, possession, or concealment of a controlled substance.

■ Maria Medina nevertheless attacks the government's evidence on three grounds: first, that this Court should not accept Special Agent Hernandez's conclusions that Medina's phone conversations on June 29th and July 19th concerned transactions in controlled substances. Specifically, the claimant argues that "the ordinary meaning of the words which were spoken would not ... allow the conclusion which Mr. Hernandez arrived at ... because drugs were not discussed." Claimant's Resp. at 6. This objection is without merit. Special Agent Hernandez is a trained law enforcement officer who is fluent in Span-

ish and who has translated and corrected "hundreds of phone conversations" in conjunction with the FBI's investigation of Rudy's. His training, which of course is properly considered in a probable cause determination (*see United States v. Hillison*, 733 F.2d 692, 697 (9th Cir.1984)), allows him to draw inferences that the layman would not. *See, e.g., United States v. Borrone-Iglar*, 468 F.2d 419, 421 (2d Cir. 1972) (DEA agent allowed to testify that coded conversations involved narcotics transactions); *United States v. Scavo*, 593 F.2d 837, 844 (8th Cir.1979) (law enforcement agent allowed to testify about the meaning of conversations concerning gambling which "are at times incomprehensible to the layman.").[2] Accordingly, Special Agent Hernandez's Affidavit is competent evidence which is properly before the Court.

It is, moreover, no answer to state that we should draw different conclusions from these conversations than did Hernandez because the Court is required to construe the evidence in the light most favorable to the non-moving party, here, the claimant. Special Agent Hernandez's conclusions, though they be inferences from conversations which arguably are unintelligible to the layman, constitute *evidence*. It is therefore the non-moving party's burden and not the Court's to submit other evidence which establishes that the plaintiff's evidence is unreliable or even false. Here, the claimant has done neither, rather she only generally denies that Hernandez's conclusions are competent evidence. Such general allegations and denials, however, are insufficient to withstand a motion for summary judgment. *See Reardon v. Wroan*, 811 F.2d 1025, 1027 (7th Cir.1987).

▮ If Hernandez's conclusions were not considered, the claimant contends, the remaining evidence that Medina distributed and received packages containing a white substance creates, at best, a mere "suspicion, [and] suspicion alone is not the stuff

of which the proof of … probable cause consists of." Claimant's Resp. at 7. This objection requires little comment. Observing Medina exchange packages containing a "white substance" on two separate occasions at a location which is under FBI surveillance, we believe, gives rise to more than a mere suspicion that Medina was violating the law—even without Hernandez's conclusions. *See, e.g., United States v. Davis*, 561 F.2d 1014, 1016–17 (D.C.Cir. 1977) (affirming finding of probable cause where officers on several occasions observed men exchanging what appeared to be money for a manila envelope containing several pink pills which the officers believed to be phenmetrazine tablets).

The final assault mounted by the claimant is that there is insufficient evidence to establish that the Buick was used in a manner to facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance. Claimant's Resp. at 8. In particular, the claimant states that:

> the facts indicated [sic] that Medina only drove the car to the gas station to work and while working there he happened to receive two telephone calls. Finally, none of [the government's] Affidavits state or give facts to indicate that the car was used to transport controlled substances. …

*Id.*

We believe that the claimant has construed sec. 881(a)(4) in an impermissibly narrow manner. "Facilitation has been broadly construed to mean any use … of a vehicle which makes trafficking in contraband 'less difficult and laborious'. …" *United States v. One 1980 Cadillac Eldorado*, 603 F.Supp. 853, 855 (E.D.N.Y.1985), quoting *United States v. One 1974 Cadillac Eldorado Sedan*, 548 F.2d 421, 426 (2d Cir.1977). Thus, a vehicle may be used to facilitate an illegal controlled substance transaction within the meaning of sec.

2. We are, of course, aware that *Borrone* and *Scavo* involved the propriety of allowing a law officer to testify at trial and not in the context of supporting a motion for summary judgment. We believe, however, that the essential point of these cases is equally applicable in the context of this case: namely, that conclusions drawn from various forms of jargon constitute proper evidence.

881(a)(4) even though there is no evidence that the contraband was actually transported in the vehicle. *See United States v. One 1972 Chevrolet Corvette*, 483 F.Supp. 629, 632 (D.Mass.1980) (collecting cases). We believe that, properly construed, "a vehicle is subject to forfeiture [under sec. 881(a)(4)] if it [is] used to transport the peddler ... to the scene of the [transaction] or to a meeting where a [transaction] is discussed." *One 1980 Cadillac Eldorado*, 603 F.Supp. at 855 (citations omitted).

In this case, the government has submitted uncontradicted evidence that Medina used the Buick in order to travel to and from Rudy's, where exchanges of contraband took place and where Medina discussed contraband transactions over the wires. We believe that these activities establish a sufficient nexus between the vehicle and the unlawful conduct to warrant forfeiture. We therefore conclude that the government has satisfied its burden and has established that it had probable cause to believe that the Buick was used in a manner to facilitate the transport, sale, receipt, possession, or concealment of a controlled substance.

Once the government demonstrates that probable cause exists, the burden shifts to the claimant to show that the property is not subject to forfeiture. *One Blue 1977 AMC Jeep CJ-5 v. United States*, 783 F.2d 759, 761 (8th Cir.1986). The claimant, Maria Medina, has submitted no material, not even a single affidavit, in an attempt to rebut the government's showing of probable cause, and it is well settled that "[i]f unrebutted, a showing of probable cause alone will support a forfeiture." *Id.; see also United States v. Little Al*, 712 F.2d 133, 136 (5th Cir.1983).

### III. CONCLUSION

For the foregoing reasons, the plaintiff's motion for summary judgment is GRANTED, and the claimant's cross-motion for summary judgment is DENIED.